

# STATE OF MICHIGAN

## SUPREME COURT

October 25, 2010

RICHARD DUMAS, et al,
     Plaintiffs,

v

AUTO CLUB INSURANCE ASSOCIATION,
     Defendants,

THEODORE S. ANDRIS,
     Appellant,                         SC: 141355

v                                       COA: 279149

                                       Wayne CC: 83-316603-CK

SHELDON L. MILLER,
     Appellee.
_____

GERALD NYLUND, et al,
         Plaintiffs-Appellants,         SC: 141356

                                       COA: 286342

v                                       Wayne CC: 94-420311-CZ

LOPATIN, MILLER, FREEDMAN, BLUESTONE,
ERLICH, ROSEN AND BARTNICK, a professional
corporation, and SHELDON MILLER
         Defendant-Appellee.
_____

WAYNE ALARIE AND RICHARD MARTIN,
         Plaintiffs-Appellants,         SC: 141357

                                       COA: 286343

v                                       Wayne CC: 92-215259-CZ

LOPATIN, MILLER, FREEDMAN, BLUESTONE,
ERLICH, ROSEN AND BARTNICK, a professional
corporation, and SHELDON MILLER, jointly and severally
                Defendants-Appellees.
_____

ROBERT DECKERS, ELIZABETH ZINNER and RICHARD
STIMPSON,
                Plaintiffs-Appellants,                              SC: 141358
                                                                    COA: 286344
v                                                                   Wayne CC: 93-321648-NM


SHELDON L. MILLER,
                Defendant-Appellee,

and DAVID RAVID,
                Defendant
_____

JAMES K. DZIADZIOLA, MARGARET DZIADZIOLA,
LAWRENCE R. MLYNAREK, JOSEPHINE MLYNAREK,
MARTHA CHAPMAN, individually and as personal
representative of the estate of PATRICK CHAPMAN, deceased,
and LYNETTE MASSAB, individually and as personal
representative of the estate of GEORGE MASSAB, deceased,
        Plaintiffs-Appellants,
                                                                    SC: 141359
v                                                                   COA: 287143
                                                                    Wayne CC: 04-418373-NM

SHELDON L. MILLER, individually, and
LOPATIN, MILLER, FREEDMAN, BLUESTONE,
ERLICH, ROSEN AND BARTNICK, and
SHELDON L. MILLER & ASSOCIATES, P. C.
_____


## STATEMENT OF CHIEF JUSTICE KELLY DENYING MOTION FOR DISQUALIFICATION


KELLY, C.J.  I deny appellants' motion for my recusal.  No objective appearance
of impropriety arises from the fact that appellee Sheldon Miller made the contribution he
did to my 2004 reelection campaign committee.  This is because the contribution was

2

lawful,[1] and no other grounds are alleged that could give rise to the appearance of impropriety. Moreover, I am not biased for or against any party or counsel involved in this action.

The Michigan Campaign Finance Act's[2] campaign contribution disclosure provisions reflect the Legislature's understanding that, standing alone, an individual's lawful contributions to campaign committees will not undermine the public's confidence in our judiciary. The contribution that Miller made to my campaign committee alone does not indicate any closer relationship between him and me than would ordinarily exist between members of the same bar association.[3] In fact, appellants have not suggested that there exist any indicia, aside from the contribution, that could cause my impartiality in this case to be questioned. And *none does* exist.

Miller's single contribution of $3,400.00 represents a de minimis portion of the total amount raised by my campaign committee in 2004: less than one-half of one percent.[4] This small amount does not create an objective appearance of impropriety.
In *Caperton v A T Massey Coal, Inc*,[5] the U.S. Supreme Court ruled on a West Virginia Supreme Court justice's refusal to recuse himself. The CEO of a lead defendant in a case before the West Virginia Supreme Court had contributed $3.5 million to the justice's campaign. The refusal to recuse was held to constitute a violation of the due process clause of the Fourteenth Amendment. However, given the obvious difference in size between the contribution at issue in *Caperton* and Miller's contribution here, one could not reasonably analogize the two cases.

Thus, Miller's contribution, absent any indicia of an appearance of impropriety, does not mandate my recusal, and the *Caperton* decision does not require it, either. In any event, appellants do not argue that *Caperton* mandates my recusal. Nor do they allege that Miller's campaign contribution and my participation in this case amount to a due process violation.

---

[1] Appellants cite the recommendations of the ABA Task Force on Lawyer's Political Contributions as a basis for my recusal. Appellants' Motion, p 1 ¶ 5. The findings of the ABA task force recommend that a judge disqualify himself or herself when "a lawyer . . . or a party to litigation . . . has made a campaign contribution in excess of a jurisdiction's limits . . . ." Appellants ignore the phrase "in excess of a jurisdiction's limits." Here, there is no dispute that Miller's contribution was lawful and within Michigan's campaign contribution limits. Thus, the task force's recommendation has no bearing on this case.

[2] MCL 169.201 et seq.

[3] See, e.g., *Frade v Costa*, 342 Mass 5, 8 (1961).

[4] The Committee to reelect Supreme Court Justice Marilyn Kelly raised $728,800.45 from over 2,200 individual contributions. $3,400.00/$728,800.45 = .004665, or .4665%. See Justice Kelly's Dissolution of Candidate Committee Statement ("Post-General CS Diss(e)"), filed December 12, 2004, available at <http://miboecfr.nictusa.com/cgi-bin/cfr/com_det.cgi?com_id=508277>.

[5] *Caperton v A T Massey Coal, Inc*, 556 US ___ (2009).

3

As a second basis for my recusal, appellants claim that, at the time of his donation, "Miller was a defendant in three of the four malpractice actions [at issue in this case] . . . and was embroiled in the attorney fee dispute with Appellant Andris, all of which were destined to be presented in some fashion before this . . . Court . . . ."[6]  This is also an insufficient basis for recusal for several reasons.  Miller was not a party to any litigation that was before the Michigan Supreme Court when he made the contribution in question.  Moreover, it is pure speculation for appellants now to assert that cases which had only just begun when Miller made his contribution would one day come before this Court.  And it requires one further leap of logic to believe that Miller's contribution would, years later, create an objective appearance of impropriety.  MCR 2.003(C)(1) does not support such logical leaps.  Finally, when Miller made his contribution, I had no knowledge of the litigation involving him that had been filed in other courts.

In sum, no objective appearance of impropriety arises solely because Miller made the lawful contribution he did to my 2004 reelection campaign committee.  Accordingly, I deny appellants' motion for my recusal.

---

[6] Appellants' Motion at 1, ¶ 3.

4